B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>MCCOY COUNSELING, LLC | **DEFENDANTS**<br>BLACK OLIVE CAPITAL, LLC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>KEECH LAW FIRM<br>2011 S BROADWAY<br>LITTLE ROCK, AR 72206<br>501.221.3200 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>TURNOVER.<br>28 U.S.C. § 1334 and 28 U.S.C. §157<br>28 U.S.C. § 157(b)(2)(A), (E), and (M)<br>11 U.S.C. § 542 ||

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
  (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 50,000 |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>MCCOY COUNSELING, LLC ||| BANKRUPTCY CASE NO.<br>4:24-BK-10180 |
| DISTRICT IN WHICH CASE IS PENDING<br>EASTERN ||| DIVISION OFFICE<br>CENTRAL | NAME OF JUDGE<br>JONES |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>1/25/2024 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kevin Keech |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE:     MCCOY COUNSELING, LLC                                    CASE NO. 4:24-BK-10180
              Debtor-in-Possession                                                         Chapter 11

**MCCOY COUNSELING, LLC**                                                                    **PLAINTIFF**

V.                                       CASE NO. _____

**BLACK OLIVE CAPITAL, LLC**                                                                 **DEFENDANT**

### COMPLAINT FOR TURNOVER

Comes now the Debtor by its attorney, and for its Complaint for Turnover states:

1. This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1334 and 28 U.S.C. §157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (M).

2. Complaints for Turnover are governed by 11 U.S.C. § 542.  Service is governed by Federal Rule of Bankruptcy Procedure 7004 et seq.

3. Plaintiff is a Debtor in Possession with its principal place of business in this district. Defendant Black Olive Capital, LLC Corporation is a foreign corporation doing business in the State of Arkansas. Defendant Arkansas Blue Cross Blue Shield is an Arkansas corporation doing business in the State of Arkansas.

4. Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 23, 2024.  Debtor continues to operate its business and to manage its affairs as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No creditors' committee has been appointed by the United States Trustee nor has a

trustee or examiner has been requested or appointed. Pursuant to 11 U.S.C. § 1107, Debtor in Possession has all the functions and duties of a Trustee set forth in 11 U.S.C. § 1106 and the code sections cited therein.

6. As of the Petition Date, Debtor placed a hold on some of Debtor's healthcare receivables at Arkansas Blue Cross/Blue Shield (the "BCBS Receivables"). At present, the Debtor estimates the BCBS Receivables are about $50,000. Copies of the correspondence from Black Olive's counsel to Arkansas Blue Cross Blue Shield is attached hereto as **Exhibit A**. Correspondence from Arkansas Blue Cross and Blue Shield to Debtor is attached hereto as **Exhibit B**.

7. The BCBS Receivables are property of the Debtor's estate under 11 USC 541 and are urgently needed by the Debtor to operate its business.

8. Defendant has erroneously represented to Arkansas Blue Cross and Blue Shield that it purchased the BCBS Receivables from Debtor. In fact, Defendant is a second position secured creditor as to the BCBS Receivables, behind Partners Bank. A copy of the Defendant's Proof of Claim, filed in this case, which evidences its loan documents and UCC-1 lien filing dated March 23, 2023, is attached hereto as **Exhibit C**. A copy of Partner's Bank lien position as noted by a UCC-1 lien filing dated January 3, 2023, is attached hereto as **Exhibit D**.

9. Debtor believes grounds may exist to challenge the amount, extent, and validity of Defendant's debt, but, without waiver of such grounds, does not seek such relief at this time.

10. Arkansas Blue Cross Blue Shield has indicated that, in light of Defendant's position that Defendant purchased the Debtor's accounts receivable and could face double liability under Ark. Code Ann. 4-9-406 for failure to pay the correct party, it will not release the

BCBS Receivables to Debtor absent an order from this Court or other appropriate court of competent jurisdiction. to the filing of the Petition herein, the three pieces of equipment listed above were repossessed by Defendant.

11. Debtor requests this Court grant an order directing Defendant to turnover the BCBS Receivables under 11 USC 542.

12. An emergency exists in that Debtor needs the funds to pay earned wages to its employees. Failure to grant emergency relief will result in immediate and irreparable harm to Debtor and the senior secured lender. Debtor is filing a separate emergency motion for a temporary restraining order, a motion to pay wages, and a motion to use cash collateral.

13. Before filing this Adversary Proceeding and after filing of the Debtor's bankruptcy, Debtor's counsel conferred with Defendant's counsel to resolve this matter without judicial intervention. Defendant has failed or refused to release the BCBS Receivables. Accordingly, attorneys' fees are appropriate in this matter, for among other reasons, an intentional violation of the automatic stay.

WHEREFORE, Debtor prays an order of this court directing the turnover of the BCBS Receivables, for costs, attorneys fees, and, if appropriate, sanctions against the Defendant for violation of the automatic stay, and for all other just and proper relief to which it may be entitled. Respectfully submitted,

                KEECH LAW FIRM, PA
                2011 S. Broadway
                Little Rock, AR 72206
                501.221.3200 (telephone)
                501.221.3201 (facsimile)
By:   */s/ Kevin P. Keech*_____
       Kevin P. Keech (Ark. Bar No. 98147)
       kkeech@keechlawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies a true and correct copy of the foregoing was filed via the Court's ECF system on January 25, 2024, which will send notification of such filing to all registered parties, and via e-mail and U.S. Mail on January 26, 2024 to the following:

Black Olive Capital, LLC
c/o Ariel Bouskila
Berkovitch & Bouskila, Pllc
1545 Route 202, Suite 101
Pomona, NY 10970
ari@bblawpllc.com

Partners Bank
10800 Financial Centre Pkwy
Ste. 465
Little Rock, AR 72211

_/s/ Kevin P. Keech_____